**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JULIO A. OLVERA, on behalf of himself and others**
**similarly situated,**

       **Plaintiffs,**

**v.**

                                   **CLASS ACTION**

**MAZZONE MANAGEMENT GROUP LTD.,**
**MAZZONE MANAGEMENT INC.,**           Case No.: 1:16-CV-0502 (BKS/DJS)
**TALA BISTRO LLC, 677 PRIME LLC,**
**PRIME AT SARATOGA NATIONAL, LLC,**
**APERITIVO BISTRO LLC, ANGELO**        **COMPLAINT**
**MAZZONE, AND MATTHEW MAZZONE,**

                                    **JURY TRIAL DEMANDED**

              **Defendants**._____

      Plaintiff Julio A. Olvera ("Plaintiff"), individually and on behalf of all others similarly

situated, by his attorney, upon personal knowledge as to himself and upon information and belief

as to other matters, alleges as follows:

## INTRODUCTION

      1.     This is a class and collective action lawsuit seeking to recover misappropriated

tips on behalf of Plaintiff and his similarly situated co-workers who were employed as hourly

food service workers for Mazzone Management Group, Ltd. and its related entities and affiliated

individuals (referred to collectively herein as "Defendants").

      2.     Defendants own and operate the largest hospitality company in and around the

Albany, New York metropolitan area, including numerous restaurants ("Mazzone Restaurants")

and on-premise and off-premise catering operations ("Mazzone Catering").

      3.     As of 2013, the Defendants' business reportedly earned over $30 million in

revenue each year and, by Defendants' description, is the "largest mid-market catering company"

in the United States.

4.      As set forth below, despite millions of dollars in revenue, Mazzone Restaurants and Mazzone Catering  unlawfully retained a portion of their employees' tips and failed to pay minimum and overtime wages in violation of New York Labor Law ("NYLL") and the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq*. ("FLSA").

5.      Specifically, Defendants illegally:  (1) withheld a portion of servers' tips when patrons of Mazzone Restaurants ordered wine by the bottle or glass; (2) failed to remit gratuities paid by customers of Mazzone Catering to Mazzone Catering service employees; and (3) failed to pay overtime wages when employees worked over 40 hours a week.

6.      Plaintiff brings these claims on behalf of himself and on behalf all similarly situated current and former employees of Defendants.

## PARTIES

Plaintiff

7.      Plaintiff Julio A. Olvera ("Plaintiff" or "Olvera") is a resident of Saratoga Springs, New York.  Olvera was employed by Defendants from approximately July 2009 through November 2010, and from August 2013 through October 2015, as a server and bartender at "Prime at Saratoga National, LLC", a Mazzone Restaurant.  During the above time periods, Olvera also worked on the wait staff of Mazzone Catering.  At all relevant times, Olvera was an employee of Defendants as defined in the FLSA and the NYLL.  Olvera has, pursuant to 29 U.S.C. §216(b), consented in writing to be a party to the FLSA claims in this action.


Defendant Mazzone Corporate Entities

8.      Defendant Mazzone Management Group Ltd., d/b/a Mazzone Hospitality, d/b/a Angelo's Tavolo, d/b/a Angelo's Prime Bar & Grill, d/b/a Glen Sanders Mansion, d/b/a Mazzone

Catering, d/b/a Key Hall at Proctors, d/b/a 90 State Events, d/b/a Prime at the Plaza, is a New York corporation with a principal business address located 1 Glen Avenue, Scotia, New York 12302.

9.        Defendant Mazzone Management Inc., d/b/a Mazzone Hospitality, d/b/a Hall of Springs, d/b/a Art's Dining, d/b/a Patron's Club (hereinafter, "MMI" and collectively with Mazzone Management Group, Ltd. "Mazzone"), is a New York corporation with a principal business address located at the Glen Sanders Mansion, 1 Glen Avenue, Scotia, New York 12302.

10.        Defendants list all the Mazzone restaurants on their website, www.mazzonehospitality.com.  According to Mazzone's website, Mazzone operates six Mazzone Restaurants:  (1) Angelo's 677 Prime; (2) Angelo's Tavolo; (3) Angelo's Prime Bar & Grill; (4) Aperitivo Bistro; (5) Prime at Saratoga National; and (6) Tala Bistro.  Moreover, Mazzone conducted the operations of Mazzone Catering at numerous on-premises and off-premises locations.

11.        Upon information and belief, Mazzone has the power to hire and fire employees of Mazzone Restaurants and Mazzone Catering and instituted the illegal practices described herein.  Mazzone's control over hiring is illustrated by the fact that open positions at each of the restaurants are listed on Mazzone's website.  Mazzone was Olvera's employer under the FLSA and the NYLL.

12.        Upon information and belief, Mazzone and each of the Mazzone entities listed above have an annual gross volume of sales in excess of $500,000 and are covered employers within the meaning of the FLSA and NYLL.

Mazzone Restaurants

13.     Defendant Tala Bistro LLC, d/b/a Tala, An American Bistro (hereinafter, "Tala"), is a New York limited liability company with an address for service of process located at 677 Broadway, Suite 500, Albany, New York 12207.  According to its website, www.talabistro.com, Tala does business at 626 New Loudon Road, Latham, New York 12110.  Tala's wine list contains over one hundred selections, with prices ranging from $26 to $420 for wines by the bottle and $7 to $20 for wines by the glass.  Upon information and belief, Tala has an annual gross volume of sales in excess of $500,000.

14.     Defendant 677 Prime LLC d/b/a Angelo's 677 Prime (hereinafter "677 Prime") is a New York limited liability company with a principal business address of 1 Glen Avenue, Scotia, New York 12302.  677 Prime's wine and beverage list contains over four hundred selections, with prices ranging from $28 to $2,400 for wines by the bottle and $7 to $20 for wines by the glass.  Upon information and belief, 677 Prime has an annual gross volume of sales in excess of $500,000.

15.     Defendant Prime at Saratoga National, LLC (hereinafter, "PSN") is a New York limited liability company with a principal business address of 458 Union Avenue, Saratoga Springs, New York 12866.  PSN currently serves dinner four nights each week as well as a Sunday brunch.  PSN's wine menu contains a selection of over two hundred selections, with prices ranging from $28 to $2,400 for wines by the bottle and $8 to $14 for wines by the glass.  Upon information and belief, PSN has an annual gross volume of sales in excess of $500,000.

16.     Defendant Aperitivo Bistro LLC (hereinafter, "Aperitivo") is a New York limited liability company with a principal business address of 1 Glen Avenue, Scotia, New York 12302.  According to its website, aperitivobistro.com, Aperitivo is located at 426 State Street,

Schenectady, New York 12305.  Aperitivo's wine menu contains a selection of over eighty selections, with prices ranging from $26 to $110 for wines by the bottle and $8 to $16 for wines by the glass.  Upon information and belief, Aperitivo has an annual gross volume of sales in excess of $500,000.

17.     Angelo Tavolo (hereinafter, "Tavolo") is located at 1 Glen Ave, Scotia, New York 12302.  Tavolo's wine menu contains a selection of over ninety selections, with prices ranging from $27 to $300 for bottles and $7 to $12 for wines by the glass.  Upon information and belief, Tavolo has an annual gross volume of sales in excess of $500,000.

18.     Angelo's Prime Bar & Grill (hereinafter, "Prime") is located at 30 Clifton Country Road, Clifton Park, New York 12065.  Prime's wine menu contains over fifty selections, with prices ranging from $32 to $110 for wines by the bottle and $7 to $12 for wines by the glass.  Upon information and belief, Prime has an annual gross volume of sales in excess of $500,000.

19.     During all relevant times, the Mazzone Restaurants were each covered employers within the meaning of the FLSA and NYLL.

Individual Defendants

20.     Defendant Angelo Mazzone ("Angelo") is a New York resident and serves as Mazzone Group's Chief Executive Officer.

21.     Defendant Matthew Mazzone ("Matthew") is a New York resident and serves as Mazzone Group's Chief Operations Officer.  Matthew formerly served as Mazzone Group's Chief Financial Officer.  Angelo and Matthew are collectively referred to herein as the "Individual Defendants."

22.     The Individual Defendants maintained control over, oversaw, and directed the operation of the Defendants' restaurants and catering business, including Defendants' employment practices, during the relevant period.

23.     The Individual Defendants jointly employed Plaintiff and similarly situated employees at all relevant times, and were each covered employers within the meaning of the FLSA and NYLL.

24.     All Defendants named herein were and remain part of a single integrated enterprise that jointly employed Plaintiff and similarly situated employees.  Defendants were an enterprise because they performed their related activities for a common business purpose.

25.     Defendants, either directly or indirectly, have the power to hire and fire employees of Mazzone Catering and Mazzone Restaurants, control such employees work schedules and employment conditions, determine the rate and method of payment of such employees, and maintain at least some records relating to such employees' compensation.

## JURISDICTION AND VENUE

26.     This Court has original federal question jurisdiction under 28 U.S.C. §1331 because this case is brought under FLSA, 29 U.S.C. §§201, et seq.  This Court has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

27.     This Court has jurisdiction under 28 U.S.C. §1332(d).  The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28.     At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

29.     Each Defendant is subject to personal jurisdiction in New York as they are domiciled in New York and each specifically intended to commit the illegal acts set forth herein in New York.

30.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because Defendants conduct business in this District, because a substantial portion of the wage violations giving rise to Plaintiff's claims occurred in this District, and because the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

**FURTHER SUBSTANTIVE ALLEGATIONS**

31.     As alleged above, Plaintiff was employed by Defendants as a waiter at Defendant PSN, a Mazzone Restaurant, from July 2009 until November 2010 and from August 2013 until October 2015.

32.     As alleged above, Plaintiff also worked for Mazzone Catering during the same period, where he was a server at events catered by Mazzone Catering.

<u>Illegally Retaining Tips for Wine Purchases</u>

33.     While Plaintiff was employed at PSN, Mazzone caused PSN to illegally retain a portion of Plaintiff's tips when customers served by Plaintiff ordered wine by the bottle or glass. Specifically, Mazzone retained tips in the amount of 3% of wine bottle purchases and 1% of wine glass purchases.

34.     Whenever Plaintiff asked about this policy, Mazzone's managers instructed Plaintiff to speak with Sheila Burke, who is listed as Vice President of Restaurants on Mazzone's website.

35.     As Vice President of Restaurants, part of Ms. Burke's duties involved visiting the various Mazzone restaurants and enforcing this illegal program.  When Plaintiff asked Ms. Burke about the practice, he was told that it was required to maintain Mazzone's wine program.

36.     The practice constitutes an unlawful retention of Plaintiff's and similarly-situated tipped service staff employees' wages under the FLSA.  Under the FLSA, an employer may pay an employee an amount below the minimum wage if the employer allows the employee to retain all tips owed to him.  Furthermore, under the FLSA, an employer cannot retain any portion of the tips paid to employees who do not earn the minimum wage.  *See* 29 U.S.C. §203(m).  Thus, Mazzone's practice of retaining tips from service staff when customers ordered wine violates the FLSA.

37.     NYLL also bars tipping practices and actions that violate the FLSA.  In addition, Defendants' practice violated NYLL §196-d, which prohibits employers from retaining tips received by employees.

38.     Plaintiff has learned that other Mazzone Restaurants illegally retain employee tips.  Mazzone Catering frequently employed Plaintiff and other employees of different Mazzone Restaurants to work at catered events.  When Plaintiff worked at these catering events, he spoke to service employees who worked at numerous Mazzone Restaurants.  These employees stated that the practice of illegally withholding tips when customers ordered wine was instituted at the Mazzone Restaurants in which they worked.

39.     Consequently, Defendants paid Plaintiff and similarly situated employees compensation below the statutory amount required by law.

Illegally Failing To Transmit Service Charges to Employees

40.     Additionally, during part of this period, Mazzone Catering, which was operated by Mazzone and the Individual Defendants, charged customers a "Service Charge."  A reasonable consumer who saw "Service Charge" on their bill would believe that that such charge constituted a gratuity.  Such "Service Charge," however, was never distributed to Mazzone Catering service employees.

8

41.     Under New York law, there is a "rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for 'service' or 'food service,' is a charge purported to be a gratuity."  N.Y. Comp. Codes R. & Regs. tit. 12, §146-2.18.

42.     Defendants did not clearly and expressly disclose to customers in language that they would readily understand that the "Service Charge" was not a gratuity or tip, and would not be distributed to members of the tipped service staff, or would be specifically used as an administrative fee.  Thus, Defendants' practice violated NYLL §196-d, which prohibits employers from retaining tips received by employees.

Failing to Pay Overtime Wages

43.     Under New York Law, N.Y. Comp. Codes R. & Regs. tit. 12, §146-1.4, and federal law, 29 USC §207(a)(1), Defendants were required to pay Plaintiff one and one-half times his regular wage when he worked over 40 hours a week.

44.     Defendants, however, failed to pay Plaintiff overtime wages when he worked over 40 hours a week in violation of New York and federal law.

**DEFENDANTS' CONDUCT WAS WILLFUL**

45.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and similarly situated employees.

46.     Defendants knew, or recklessly disregarded, that improperly forcing the Plaintiff and similarly situated employees to share their tips with Defendants would economically injure such employees.  Defendants nevertheless conducted the operation of this illegal scheme to enrich themselves.

47.     Defendants knew, or recklessly disregarded, that failing to pay overtime wages to Plaintiff and similarly situated employees would economically injure such employees. Defendants nevertheless conducted the operation of this illegal scheme to enrich themselves.

## FLSA COLLECTIVE ACTION ALLEGATIONS

48.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b) of the FLSA.

49.     Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. §216(b), on behalf of all tipped, hourly workers employed by Mazzone Restaurants (waiters, waitresses, bartenders, bussers, runners, and other hourly service workers) within three years prior to this lawsuit's filing date through the date of final disposition of this action ("FLSA Period"), and who were subject to Defendants' unlawful practices of illegally retaining portions of tips when customers purchased wine ("FLSA Collective Tip Plaintiffs").

50.     Plaintiff brings the Second Claim for Relief on behalf of all tipped, hourly workers employed by Mazzone Restaurants and Mazzone Catering (waiters, waitresses, bartenders, bussers, runners, and other hourly service workers) within the FLSA Period and who were subject to Defendants' unlawful practices of failing to pay employees one and one-half times their regular rate of pay when they worked overtime ("FLSA Collective Overtime Plaintiffs", and collectively with the FLSA Collective Tip Plaintiffs, the "FLSA Collective Plaintiffs").

51.     Defendants employed Plaintiff during the FLSA Period.

52.     During the FLSA Period, Defendants employed more than 50 employees, each falling within the FLSA Collective Plaintiffs.

53.     Defendants controlled how much the FLSA Collective Plaintiffs were compensated, maintained records of employment for the FLSA Period, assigned and supervised all tasks given to the FLSA Collective Plaintiffs, and maintained and exercised control as to how the FLSA Collective Plaintiffs were to perform their tasks.

54.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs have had substantially similar job requirements and pay.

55.     Defendants willfully retained tips due to FLSA Collective Plaintiffs contrary to law.

56.     Defendants failed to compensate Plaintiff in the amount of one and one-half times his regular rate of pay as required under 9 U.S.C. §207(a)(1).

57.     The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

58.     There are numerous similarly-situated current and former employees of Defendants who were subject to the aforementioned conduct in violation of the FLSA who will benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join therein.  Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

59.     Plaintiff brings the Third, Fourth, and Fifth Claims for Relief pursuant to Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P.") on behalf of the following three defined classes (referred to occasionally collectively herein as the "NY Classes"):

  a.  All tipped, hourly workers employed by Mazzone Restaurants (waiters, waitresses, bartenders, bussers, runners, and other hourly service workers) within six years prior to this lawsuit's filing date through the date of final disposition of this action ("NY Class Period"), and who were subject to

Defendants' unlawful practice of retaining portions of tips when customers purchased wine ("<u>NY Restaurant Class</u>").

b. All tipped, hourly workers employed by Mazzone Catering (waiters, waitresses, bartenders, bussers, runners, and other hourly service workers) within NY Class Period, and who were subject to Defendants' unlawful practice of taking deductions from the Class members tip pool by failing to pass along the 20% "Service Charge" placed on customers' bills to employees as a gratuity. ("<u>NY Catering Class</u>").

c. All tipped, hourly workers employed by Mazzone Restaurants and Catering (waiters, waitresses, bartenders, bussers, runners, and other hourly service workers) within the NY Class Period, and who were subject to Defendants' unlawful practice of failing to pay one and one-half times regular pay for overtime hours worked. ("<u>NY Overtime Class</u>").

60.    New York State law prohibits employers from requiring tipped employees from sharing tips with non-service employees or management.  NYLL §196-d.

61.    NYLL also bars tipping practices and actions that violate the FLSA.

62.    Defendants' practice of requiring Plaintiffs and members of the NY Restaurant Class and the NY Catering Class to pay a portion of their tips to ineligible persons and/or the house were and are in violation of NYLL.

63.    Moreover, New York law requires Defendants to pay Plaintiff and similarly situated employees one and one-half times their regular pay where such employees work over 40 hours a week.

64.    The NY Classes' members are readily ascertainable.  The number and identity of the NY Classes is determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rates of pay for each NY Class member are also determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under F.R.C.P. 23.

65.     The proposed NY Classes are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of each of the NY Classes.

66.     Plaintiff is able to fairly and adequately protect the interests of each of the NY Classes and has no interests legitimately antagonistic to either of the NY Classes.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

67.     Plaintiff's claims are typical of those claims which could be alleged by any member of each of the NY Classes, and the relief sought is typical of the relief which would be sought by each member of each NY Class in separate actions.  Each of the three NY Classes' members were subject to the same respective corporate practices of Defendants, as alleged herein, of illegal retention of tips.  Defendants' corporate-wide policies and practices affected all NY Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other NY Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures. Plaintiff had the same or similar duties as other NY Restaurant Class, NY Catering Class, and NY Overtime Class members.

68.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly-situated

persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

69.     Because the losses, injuries, and damages suffered by each of the individual Class members are small, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual NY Class members to redress the wrongs done to them.

70.      On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the NY Classes would create a risk of inconsistent and/or varying adjudications with respect to individual members of each of the NY Classes, establishing incompatible standards of conduct for Defendants and resulting in the impairment of NY Class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

71.     Defendants and other employers throughout the state violate NYLL.  Current employees are often too afraid to assert their rights out of fear of direct and indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

72.     There are questions of law and fact common to each of the NY Classes which predominate over any questions affecting only individual class members, including:

   a.   Whether Defendants employed Plaintiff and the NY Classes within the meaning of NYLL;

   b.   Whether Defendants paid Plaintiff and the NY  Class at the proper minimum wage rate for all hours worked;

   c.   Whether Defendants paid Plaintiff and the NY Overtime Class overtime wages;

   d.   At what common rate, or rates subject to common methods of calculation, were Defendants required to pay the NY Class members for their work;

   e.   Whether Defendants have a policy of retaining a portion of Plaintiff's and the NY Classes' members' tips and whether such policy violates NYLL;

   f.   Whether Defendants misappropriated Plaintiff's and the NY Restaurant Class members' tips based on sales of wine and distributed a portion of those tips to ineligible workers at the Defendants' businesses in violation of NYLL;

   g.   Whether Defendants misappropriated Plaintiff's and the NY Catering Class members' tips by charging Defendants' catering customers and large parties a mandatory "Service Fee" that could be reasonably construed as a gratuity;

   h.   What the proper measures of damages sustained by each of the NY Classes are; and

   i.   Whether Defendants' conduct was "willful."

15

73.     The case is maintainable as a class action under F.R.C.P. 23(b)(1) because prosecution of actions by or against individual members of the NY Classes would yield inconsistent or varying adjudications and create risks of incompatible standards of conduct for Defendants.  Further, adjudication of each individual NY Class members' claim as a separate action would be dispositive of the interest of other individuals not part to this action, thus impeding their ability to adequately protect their interests.

74.     Class certification is also appropriate under F.R.C.P. 23(b)(3) because questions of law and fact common to the NY Classes predominate over any questions affecting only individual members, and because a class action is superior to other available methods that can fairly and efficiently adjudicate this lawsuit.  Defendants' common and uniform policies and practices denied the NY Class members the wages to which they are entitled.  Members' damages are small compared to the expense and burden of individually prosecuting this lawsuit. Moreover, class certification is superior because it obviates the need for unduly duplicative litigation that might result in inconsistent judgments regarding Defendants' practices and conduct.

75.     Plaintiff intends, to the extent required by F.R.C.P. 23, to provide notice to all members of the NY Restaurant Class, the NY Catering Class, and the NY Overtime Class.  The Classes' members' names and addresses are available from Defendants.

## FIRST CLAIM
### (FLSA Minimum Wage Claim, 29 U.S.C. §§201, *et seq*.)

76.     Plaintiff, on behalf of himself and the FLSA Collective Tip Plaintiffs, re-alleges and reincorporates by reference all preceding paragraphs herein.

77.     Each Defendant is an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203.  At all

relevant times, Defendants have employed "employees," including Plaintiff and the FLSA
Collective Plaintiffs.

78.     Pursuant to applicable law, Defendants were required to pay Plaintiff and other
FLSA Collective Tip Plaintiffs the federal minimum wage rate for all hours worked.

79.     Defendants were not eligible to avail themselves of the tipped minimum wage rate
under the FLSA, 29 U.S.C. §203(m), and supporting federal regulations, including but not
limited to 29 C.F.R. §531.50 *et seq*., because Defendants did not permit Plaintiff and other
members of the FLSA Collective Tip Plaintiffs to retain all tips that they received, in violation of
the FLSA, 29 U.S.C. §203(m).

80.     Specifically, Defendants retained tips in the amount of 3% of wine bottle sales
and 1% of wine glass sales.

81.     Throughout the applicable period, Defendants willfully failed to pay Plaintiff and
other FLSA Collective Tip Plaintiffs the applicable minimum wage for each hour worked and
retained Plaintiff's and other FLSA Collective Tip Plaintiffs' tips.

82.     Plaintiff seeks damages in the amount of his and the FLSA Collective Tip
Plaintiffs' respective unpaid compensation, liquidated (double) damages provided under the
FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable
relief as this Court deems just and proper.

## SECOND CLAIM
### (Overtime Claim, 29 USC §207(a)(1))

83.     Plaintiff, on behalf of himself and the FLSA Collective Overtime Plaintiffs, re-
alleges and reincorporates by reference all preceding paragraphs herein.

84.     Each Defendant is an "employer" engaged in interstate "commerce" and/or in the
production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203.  At all

relevant times, Defendants have employed "employees," including Plaintiff and the FLSA Collective Plaintiffs.

85.     Pursuant to applicable law, Defendants were required to pay Plaintiff and other FLSA Collective Overtime Plaintiffs the federal minimum wage rate for all hours worked.

86.     Specifically, Defendants failed to pay Plaintiff and other FLSA Collective Overtime Plaintiffs one and one-half times their regular rate of pay where they worked over 40 hours a week.

87.     Throughout the applicable period, Defendants willfully failed to pay Plaintiff and other FLSA Collective Overtime Plaintiffs the applicable minimum wage for each hour worked and retained Plaintiff's and other FLSA Collective Tip Plaintiffs' tips.

88.     Plaintiff seeks damages in the amount of his and other FLSA Collective Tip Plaintiffs' respective unpaid compensation, liquidated (double) damages provided under the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### **THIRD CLAIM**
**(N.Y. State Minimum Wage Act, NYLL §§650 *et seq*.)**

89.     Plaintiff, on behalf of himself and NY Restaurant Class members, re-alleges and reincorporates by reference all preceding paragraphs herein.

90.     NYLL also bars tipping practices and actions that violate the FLSA.

91.     Defendants willfully failed to pay Plaintiff and members of the NY Restaurant Class the minimum wage for all hours worked and retained tips when customers purchased bottles or glasses of wine in violation of NYLL.

92.     Defendants' failure to pay Plaintiff and other NY Restaurant Class members the minimum wage was willful within the meaning of NYLL §663.

93.     As a result of Defendants' willful violations of NYLL, Plaintiff and the NY Restaurant Class are entitled to recover their respective unpaid compensation, liquidated damages as provided for by NYLL Article 6, §198, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM
### (Illegal Deductions from Gratuities, NYLL §196-d)

94.     Plaintiff, on behalf of himself and members of the NY Restaurant Class and NY Catering Class members, re-alleges and reincorporates by reference all preceding paragraphs herein.

95.     Defendants retained portions of Plaintiff's and the NY Restaurant Class members' tips by improperly deducting a percentage of their tips after each shift based on each employee's wine sales in violation of NYLL §196-d.

96.     Defendants further retained gratuities due to the NY Catering Class in violation of NYLL §196-d by failing to remit the "Service Charge" paid by customers to the NY Catering Class.

97.     Defendants unlawfully distributed tips earned by Plaintiffs and the NY Restaurant Class and NY Catering Class members to ineligible parties, including Defendants themselves.

98.     As a result of Defendants' willful violations of NYLL, Plaintiff and the NY Classes' members are entitled to recover their respective unpaid compensation (including without limitation unpaid overtime wages), liquidated damages as provided for by NYLL Article 6, §198, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CLAIM**
**(Failure to Pay Overtime, 12 NYCRR §146-1.4)**

99.     Plaintiff, on behalf of himself and the New York Overtime Class, re-alleges and reincorporates by reference all preceding paragraphs herein.

100.    Pursuant to applicable law, Defendants were required to pay Plaintiff and other members of the New York Overtime Class one and one-half time regular pay where Plaintiff and the New York Overtime Class worked over 40 hours a week.

101.    Throughout the applicable period, Defendants willfully failed to pay Plaintiff and the New York Overtime Class the applicable minimum wage for each hour worked.

102.    Plaintiff and the NY Classes' members are entitled to recover their respective unpaid compensation (including without limitation unpaid overtime wages), liquidated damages as provided for by NYLL Article 6, §198, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for a judgment against the Defendants awarding the following relief:

a)      That the Court determine that this lawsuit may proceed as an FLSA collective action;

b)      That the Court determine that this lawsuit may proceed as a class action under F.R.C.P. 23(b)(1) and (3);

c)      That Defendants have violated applicable provisions of the FLSA as to Plaintiff and the FLSA Collective Plaintiffs;

d)      That Defendants have violated applicable provisions of NYLL as to Plaintiff and the NY Classes;

e)      That Defendants' violations as described above are found to have been willful;

f)      An award of unpaid wages owed, including interest thereon;

g)      Penalties, including liquidated damages, subject to proof at trial;

h)      Reasonable attorneys' fees and costs, including fees pursuant to 29 U.S.C. §216,

         N.Y. Lab. L. §663 and/or other applicable law;

i)      Pre-judgment and post-judgment interest; and

j)      Such other and further relief, in law or equity as this Court deems just and proper.


**JURY DEMAND**

Pursuant to F.R.C.P. 28(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: April 29, 2016
        New York, New York

                              **Fleischman Law Firm, PLLC**


                              _____
                              Keith M. Fleischman [520004]
                              Joshua D. Glatter (Pro Hac Motion to Be Submitted)
                              Ananda N. Chaudhuri [520010]
                              565 Fifth Avenue, 7th Floor
                              New York, NY 10017
                              Tel: 212-880-9567
                              Fax: 917-591-5245

                              Law Offices of Joseph T. Moen
                              Joseph T. Moen (Pro Hac Motion to Be Submitted)
                              45 Prospect Street
                              Cambridge, MA 02139
                              Tel: 617-575-9240