UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JULIO A. OLVERA, KAREN GREENE,
CHRISTIE REGILSKI, and RALPH BALSAMO on
behalf of themselves and others similarly situated,

                          Plaintiffs,

v.                                                      1:16-cv-502 (BKS/DJS)

MAZZONE MANAGEMENT GROUP LTD.,
MAZZONE MANAGEMENT INC., 677 PRIME LLC,
PRIME AT SARATOGA NATIONAL, LLC,
ANGELO MAZZONE, AND MATTHEW MAZZONE,

                          Defendants.
_____

Appearances:

*For Plaintiffs*
Wilentz, Goldman & Spitzer, P.A.
James E. Tonrey, Jr.
90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095

Fleischman Law Firm, PLLC
Keith M. Fleischman
Joshua D. Glatter
Tyler Van Put
565 Fifth Avenue, Seventh Floor
New York, NY 10017

Law Office of Joseph T. Moen
Joseph T. Moen
45 Prospect Street
Cambridge, MA 02139

*For Defendants*
Jackson Lewis, P.C.
Clemente J. Parente
677 Broadway, 9th Floor
Albany, NY 12207

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

I.      **INTRODUCTION**

Plaintiffs Julio Olvera, Karen Greene, Christi Regilski, and Ralph Balsamo bring this putative collective and class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and New York Labor Law ("NYLL"), on behalf of themselves and others similarly situated, to recover tips they earned while employed as food service workers for Defendant Mazzone Management Group, Ltd. and its related entities and affiliated individuals. (Dkt. No. 16). On April 30, 2018, Plaintiffs filed a motion seeking, *inter alia*, "conditional Certification of a class of FLSA Claimants" and "Class Certification . . . of [NYLL] Claimants" under Rule 23 of the Federal Rules of Civil Procedure. (Dkt. No. 61). Plaintiffs also filed a request for an order sealing their memorandum of law and the declaration of their attorney, James E. Tonrey, Jr., and the exhibits attached thereto. (Dkt. No. 61-4). These exhibits include, among other things, documentary evidence concerning employee compensation, tipping practices, and tip disbursements, Defendants' communications with customers regarding pricing and fees for events, and payroll status reports. (Dkt. No. 61-4, at 2). They also include the deposition transcripts of Plaintiffs Greene, Olvera, and Balsamo and two of Defendants' corporate designees, all of whom, Plaintiffs assert, testified about "information and documents which Defendants have designated as Confidential under the Confidentiality Stipulation" as well as Defendants' "compensation practices, tipping practices, employment practice, and proprietary business communications." (Dkt. No. 61-4, at 2). Defendants do not oppose Plaintiffs' request to seal. For the reasons that follow, Plaintiffs' request is denied.

2

## II.    DISCUSSION

"The notion that the public should have access to the proceedings and documents of courts is integral to our system of government." *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 238–39 (2d Cir. 2014). "Indeed, the common law right of public access to judicial documents is said to predate even the Constitution itself." *Id.* at 239. The "Constitution, and specifically the First Amendment to the Constitution, also protects the public's right to have access to judicial documents." *Id.* The Court must therefore first determine whether the documents at issue are judicial documents.

To the extent Plaintiffs maintain that their motion to seal is not subject to the demanding standard applicable to judicial documents because the underlying certification motion is non-dispositive, (Dkt. No. 61-4, at 3), they are in error. The documents Plaintiffs seek to seal are relevant to the judicial function as the Court must consider them in determining whether Plaintiffs' suit meets the criteria for conditional certification of the collective action and class certification. Thus, they are judicial documents. *See, e.g.*, *Tropical Sails Corp. v. Yext, Inc.*, 14-cv-7582, 2016 WL 1451548, at *3, 2016 U.S. Dist. LEXIS 49029, at *7–8 (S.D.N.Y. Apr. 12, 2016) ("[E]xhibits supporting a motion for, or opposition to, class certification would certainly be relevant to the judicial function and useful to the judicial process in probing behind the pleadings to determine whether the plaintiff's suit meets the special criteria set forth in Rule 23 for class certification.").

Second Circuit precedent "indicate[s] that . . . a strong presumption of access attaches [to judicial documents], under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). Indeed, the Court finds that the

weight of the presumption of access to these documents is significant under both the common law and First Amendment analysis. *Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2015 WL 7288641, at *2, 2015 U.S. Dist. LEXIS 154630, at *5 (S.D.N.Y. Nov. 16, 2015) (determining that the weight of the presumption of access to documents submitted in connection with motion for class certification to be significant). Thus, the documents at issue "should not remain under seal absent the most compelling reasons." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Moreover, under "the more stringent First Amendment framework . . . continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Examples of "higher values" may include law enforcement interest, the privacy of innocent third parties, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and trade secrets. *Ferguson v. Ferrante*, No. 13-CV-4468 (VEC), 2015 WL 3404140 at *2, 2015 U.S. Dist. LEXIS 68416, at *4 (S.D.N.Y. May 27, 2015). The party seeking to maintain the judicial documents under seal bears the burden of showing that higher values overcome the presumption of public access. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Plaintiffs assert that the exhibits must be sealed because they contain documents and information "that Defendants have designated as Confidential information pursuant to ¶ 2(b) of the Confidentiality Stipulation"[1] and contain "confidential commercially sensitive business information" regarding employee compensation information regarding tipping practices and

---

[1] The parties entered a Stipulation of Confidentiality on June 5, 2017. (Dkt. No. 36). It governs the parties' discovery and allows "[a]ny party that desires relief from the provisions of this Stipulation of Confidentiality or further protection" to "seek appropriate relief from the Court." (*Id.*, ¶ 12).

policies, communications with customers regarding pricing and fees, and payroll status reports.
(Dkt. No. 61-4, at 1–2). Although business information need not be a "trade secret" in order to
remain sealed or redacted, district courts in the Second Circuit consider trade secret law "in
determining whether information is sufficiently valuable and secret to afford an actual or
potential economic advantage over others." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 245
(S.D.N.Y. 2009) (internal quotations omitted). Courts apply the following six factors set forth in
the Restatement (First) of Torts § 757, comment b, when determining the existence of a trade
secret:

> (1) the extent to which the information is known outside of [the] business; (2) the
> extent to which it is known by employees and others involved in [the] business;
> (3) the extent of measures taken by [the business] to guard the secrecy of the
> information; (4) the value of the information to [the business] and [its]
> competitors; (5) the amount of effort or money expended by [the business] in
> developing the information; (6) the ease or difficulty with which the information
> could be properly acquired or duplicated by others.

*Id.*, *see also E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 CIV. 655 LTS MHD, 2012 WL
691545, at *3, 2012 U.S. Dist. LEXIS 28724, *9-10 (S.D.N.Y. Mar. 2, 2012); *King Pharms., Inc.
v. Eon Labs, Inc.*, No. 04-CV-5540 DGT, 2010 WL 3924689, at *6, 2010 U.S. Dist. LEXIS
102703, *20-21 (E.D.N.Y. Sept. 28, 2010). Plaintiffs have not addressed these factors, and
therefore fail to provide a factual basis that would allow the Court to make "specific, on the
record findings that closure is essential to preserve higher values and is narrowly tailored to
serve that interest." *Lugosch*, 435 F.3d at 120. Moreover, the exhibits Plaintiffs seek to seal
contain, *inter alia*, a copy of the Amended Complaint, which is publicly filed, a printout
describing Mazzone Hospitality that appears to be from a publicly available website, and a

proposed class/collective action notice. Plaintiffs have identified no basis for sealing these documents.

Further, Plaintiffs propose wholesale sealing in view of their concern that "presenting [the memorandum of law] in redacted fashion would render it and the exhibits nearly incomprehensible" because they are "suffused with Confidential Information." (Dkt. No. 61-4, at 2 n.1). However, in the absence of any discussion of the factors referenced above, the Court cannot determine whether the exhibits are, as Plaintiffs contend, poor candidates for redaction. *See*, *e.g.*, *Green Mountain Chrysler Plymouth Dodge Jeep v. Crombie*, No. 2:05-CV-302, 2007 WL 922255, at *7, 2007 U.S. Dist. LEXIS 22095, at *24 (D. Vt. Mar. 23, 2007) ("[T]he Court is unable to ascertain from the submissions to date what portion of a particular document or deposition may constitute trade secrets, and therefore it lacks the ability to perform 'narrow tailoring' should it determine that protection is warranted."). Thus, Plaintiffs have failed to make a showing sufficient to overcome the presumption of public access under either the common law or First Amendment. *See E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655, 2012 WL 691545, at *3, 2012 U.S. Dist. LEXIS 28724, at *8 (S.D.N.Y. Mar. 2, 2012) ("[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test [for sealing judicial documents]." (internal quotation marks omitted)). Accordingly, Plaintiffs' motion to seal is denied.

## III.   CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiffs' motion to seal (Dkt. No. 61-4) is **DENIED**; and it is further

**ORDERED** that Plaintiffs file, by May 23, 2018, their memorandum of law and exhibits or a renewed motion to seal.

**IT IS SO ORDERED**.

Dated:  May 9, 2018

Brenda K. Sannes
U.S. District Judge