# EXHIBIT B

*Rev. Draft – K. Roddy – 21 Sept 2019*

WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
Co-Class Counsel for Plaintiffs Julio A. Olvera,
Karen Greene and Ralph Balsamo, on behalf of
Themselves, and all others similarly situated, as a class

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
JULIO A. OLVERA, et al., on behalf of
themselves, and all others similarly
situated,

               Plaintiffs,

v.

MAZZONE MANAGEMENT GROUP
LTD., et al.,

               Defendants.
-------------------------------------------------------X

Civil Action No. 1:16-cv-0502 (BKS/DJS)

**AMENDED [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT AND AUTHORIZING NOTICE OF PROPOSED SETTLEMENT AND HEARING THEREON**

      THIS MATTER is before this Court on the Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion") brought by Named Plaintiffs Julio A. Olvera, Karen Greene, and Ralph Balsamo, individually and on behalf of the Class, requesting this Court to enter an Order preliminarily approving the proposed settlement (the "Settlement") pursuant to Federal Rule of Civil Procedure 23(e) and 29 U.S.C. § 216, as set forth in the parties' Settlement Agreement, and other related relief.

      Having reviewed and considered the Motion, as well as the supporting documents, including the Settlement Agreement and the proposed Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing (the "Notice"), this Court makes the

findings and grants the relief set forth below preliminarily approving the Settlement upon the terms and conditions set forth in this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

### I. Preliminary Approval of Settlement

1. This Court hereby grants preliminary approval of the Settlement memorialized in the Settlement Agreement attached as Exhibit B to the Declaration of James Tonrey.

2. This Court concludes that the proposed Settlement is within the range of reasonable settlement results, such that notice to the Putative Class Members[1] is appropriate.

3. This Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel who are well-versed in the prosecution of wage-and-hour class actions and collective actions.

4. For settlement purposes only, this Court provisionally certifies the following classes pursuant to Federal Rule of Civil Procedure 23(e):

> All tipped, hourly workers (waiters, waitresses, bartenders, bussers, runners, and other hourly service workers) employed by Mazzone Management Group, Ltd., Mazzone Management, Inc., 677 Prime LLC, Prime at Saratoga National LLC, Angelo Mazzone, Matthew Mazzone, Tala Bistro LLC, Aperitivo Bistro LLC, and Prime at Hilton Garden Inn LLC between April 10, 2010, and June 20, 2019.

> All hourly, catering service employees of Mazzone Management Group, Ltd., Mazzone Management, Inc., 677 Prime LLC, Prime at Saratoga National LLC, Angelo Mazzone, Matthew Mazzone, Tala Bistro LLC, Aperitivo Bistro LLC, and Prime at Hilton Garden Inn LLC who worked at catered events between April 10, 2010, and June 20, 2019.

5. For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

---

[1] Unless otherwise noted in this Order, any defined terms used in the Order have the same meaning as set forth in the parties' Settlement Agreement.

6. For settlement purposes only, this Court provisionally certifies the following collective class (the "FLSA Collective") under the Fair Labor Standards Act, as amended ("FLSA"):

> All tipped, hourly workers (waiters, waitresses, bartenders, bussers, runners and other hourly service workers) employed by Mazzone Management Group, Ltd., Mazzone Management, Inc., 677 Prime LLC, Prime at Saratoga National LLC, Angelo Mazzone, Matthew Mazzone, Tala Bistro LLC, Aperitivo Bistro LLC, and Prime at Hilton Garden Inn LLC between April 20, 2015, and June 20, 2019.

7. For settlement purposes only, this Court appoints Fleischman, Bonner & Rocco LLP, Wilentz, Goldman & Spitzer, P.A., and the Law Office of Joseph T. Moen as Class Counsel to the Putative Class Members and the FLSA Collective.

8. This Court approves Arden Claims Services ("ACS") as administrator of the settlement (the "Settlement Claims Administrator").

## II. Class and Collective Notice

9. This Court approves the proposed Notice, which is attached as Exhibit A to the parties' joint September 11, 2019, supplemental submission, ECF No 100 (the "September 11 Supplemental Submission"), and directs the distribution of that Notice to the Putative Class Members and the FLSA Collective Members.

10. The contents of the Notice fully comply with due process and Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216. The Notice satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and 29 U.S.C. § 216(b) and adequately puts the Putative Class Members and FLSA Collective Members on notice of the proposed settlement.

## III. Class Action and FLSA Collective Settlement Procedure

11. This Court hereby sets the following settlement procedure:

a. Within fifteen (15) business days after entry of this Order preliminarily approving the Settlement (the "Preliminary Approval Order"), Defendants' counsel will provide the Settlement Claims Administrator a mailing list in electronic form containing the names, last known addresses, and weeks worked within the Class Period for all Putative Class Members and FLSA Collective Members as that information exists on file with Defendants;

b. Within thirty (30) days after entry of the Preliminary Approval Order, the Notice shall be mailed to all Putative Class Members and FLSA Collective members by the Settlement Claims Administrator, and the Notice will explain that any Putative Class Member who desires to opt out of the settlement may submit a written statement to that effect with the Settlement Claims Administrator by the expiration of the Claims Period. To be effective, the written request to be excluded from the settlement must be submitted to the Settlement Claims Administrator by U.S. Mail, and it must be postmarked no later than sixty (60) days from the mailing of the Notice to the Putative Class Member, or for any Putative Class Member whose Notice was returned undeliverable within thirty (30) days of the date of the mailing for which the Putative Class Member's correct address is identified, but in any case no later than seven (7) days before the Final Fairness Hearing.

c. The Notice will further explain that any putative FLSA Collective Member must submit a Consent to Join Form, in the form the parties provided as Exhibit C to the September 11 Supplement, and it must be submitted to the Settlement Claims Administrator by U.S. Mail postmarked no later than sixty (60) days from the mailing of the Notice to the FLSA Collective Member, or for any FLSA Collective Member whose Notice was returned undeliverable within thirty (30) days of the date of the mailing for

which the Putative Class Member's correct address is identified, but in any case no later than seven (7) days before the Final Fairness Hearing

  d. Putative Class Members shall have sixty (60) days from the date of mailing of the Notice (the "Claims Period"), or thirty (30) days from any re-mailing of the Notice for which the Putative Class Member's correct address is identified (the "Re-mailing Claims Period") to submit their completed Claim Form, which must be postmarked by, on or before the sixtieth (60th) day of the Claims Period or the thirtieth (30th) day of the Re-mailing Claims Period. Putative Class Members who fail to return a complete and timely Claim Form within the Claims Period will be ineligible to receive any settlement payment pursuant to the Settlement Agreement. A Claim Form is not complete if the Putative Class Member fails to sign the Claim Form as required.

  e. To be effective, an Opt-out Statement by a Putative Class Member must be postmarked within sixty (60) days from the mailing of the Notice to the Putative Class Member, or for any Putative Class Member whose Notice was returned undeliverable within thirty (30) days of the date of the mailing for which the Putative Class Member's correct address is identified, but in any case no later than seven (7) days before the Final Fairness Hearing (the "Opt-Out Period")

  f. The Settlement Claims Administrator will stamp the postmark date on the original of each Opt-out Statement and each Consent to Join Form that it receives and shall serve copies of each Opt-out Statement and each Consent to Join Form on Class Counsel and Defendants' Counsel not later than three (3) days after receipt thereof. Class Counsel will file stamped copies of any Opt-out Statements and Consent to Join Forms with their Motion for Judgment and Final Approval. The Settlement Claims

-5-

-6-

Administrator will, within twenty-four (24) hours of the end of the Opt-out /Consent to Join Period, send a final list of all Opt-out Statements and Consent to Join Forms to Class Counsel and Defendants' Counsel by email.  The Settlement Claims Administrator will retain the stamped originals of all Opt-out Statements and Consent to Join Forms and the originals of all envelopes accompanying Opt-out Statements or Consent to Join Forms in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities under this Order.

g. January 28, 2020 shall be the last day for filing and service of papers in support of the final Settlement approval, which date is at least 120 days after the date of this Order to facilitate compliance with the Class Action Fairness Act, 28 U.S.C. §1332(d) *et seq.*

12. This Court preliminarily approves the Settlement Agreement attached as Exhibit B to the Motion as fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216, subject to final consideration at the Final Approval Hearing provided for below.

13. Class Counsel shall be responsible for the acts and activities necessary or appropriate to present the proposed Settlement to this Court for final approval and, if the Settlement is finally approved, to implement the Settlement in accordance with its terms and Orders of this Court.

14. A hearing (the "Final Approval Hearing") shall be held before this Court on February 12, 2020 at _____ a.m./p.m. in Courtroom _____ of the United States District Court for the Northern District of New York, James T. Foley Courthouse, 445 Broadway, Albany, NY 12207, to determine whether the proposed Settlement is fair, reasonable, and adequate and

should be approved by this Court; whether Judgment should be entered herein finally approving the Settlement; and to consider Class Counsel's application for attorneys' fees and costs and for service awards to the Named Plaintiffs Julio Olvera, Karen Greene, and Ralph Balsamo. This Court may adjourn or continue the Final Approval Hearing without further notice to Putative Class Members.

15.　This Court approves as to form and content the Notice in the form attached as Exhibit A to the September 11 Supplemental Submission.

16.　The Settlement Claims Administrator is instructed to provide Notice to all Putative Class Members as set forth in the Settlement Agreement. This Court finds the Notice to be the best practicable notice under the circumstances and satisfies the requirements of Rule 23, applicable law, and due process. This Court also finds that the manner of dissemination of the Notice provides individual notice to all Putative Class Members who can be identified through a reasonable effort; and is reasonably calculated, under all the circumstances, to apprise Putative Class Members of the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement.

17.　Any Putative Class Member who desires to request exclusion from the Class must submit to the Settlement Administrator at the address set forth in the Notice, a written, signed request to opt-out, by postage-paid, first-class mail: (a) stating the Putative Class Member's name, address, telephone number, and e-mail address, (b) signed by the Putative Class Member and referencing the name of this action (*i.e.*, *Mazzone Management Group Settlement* )), and (c) clearly stating that the Putative Class Member does not wish to be included in the Settlement (an "Opt-out Statement").

18. Not later than eight (8) days after the Opt-Out Period deadline for the Request for Exclusion stated in Paragraph 12(d) above, Class Counsel shall file with the Court a Declaration from the Settlement Claims Administrator stating the number and identity of Putative Class Members who submitted a valid and timely Request for Exclusion.

19. All Putative Class Members who do not submit a valid and timely Opt-out Statement excluding themselves from the Class shall be bound by the terms of the Settlement Agreement and the Judgment and all Orders entered by the Court in connection with the Settlement, whether favorable or not favorable to the Class. All Putative Class Members who submit valid and timely Opt-Out Statements shall have no rights under the Settlement, shall not share in the distribution of any of the Settlement Funds, and shall not be bound by the Settlement.

20. No Putative Class Member who fails to submit a valid and timely Claim Form shall receive any payment from the settlement with respect to his or her Rule 23 state law claims, although such Putative Class Members shall nevertheless be bound by the terms of the Settlement Agreement and the Judgment and all Orders entered by this Court in connection with the Settlement, whether favorable or not favorable to the Class.

21. No FLSA Collective Member who fails to submit a valid and timely Consent to Join Form shall receive any payment from the settlement with respect to their FLSA claims.

22. No person shall purport to exercise any exclusion rights for any other person, or purport to exclude any other Putative Class Member as a group, aggregate, or class involving more than one Putative Class Member, or as an agent or representative. Any such purported exclusion shall be void and the person that is the subject of the purported Opt-Out shall be treated as a Putative Class Member and be bound by the Settlement.

23. Putative Class Members who do not opt-out and who wish to object to the proposed Settlement, or FLSA Collective Members who submit a Consent to Join Form and who wish to object to the proposed Settlement, must do so in writing. To be valid, a written objection must be mailed to the Settlement Claims Administrator via first-class mail, postage prepaid, and be received by the Settlement Claims Administrator by a date certain sixty (60) days from the mailing of the Notice to the Putative Class Member, but in any case, no later than seven (7) days before the Final Approval Hearing. The written objection must include the words, "*I object to the Olvera wage and hour class settlement*" as well as all reasons for the objection. Any reasons not included in the written objection will not be considered. The written objection must also include the name, address, and telephone number for the Putative Class Member and/or FLSA Collective Member making the objection. The Settlement Claims Administrator will stamp the date received on the original and send copies of each objection to Class Counsel and Defendants' Counsel by email and overnight delivery no later than three (3) days after receipt thereof. Class Counsel will file the date-stamped originals of any and all objections with their Motion for Judgment and Final Approval. It is the responsibility of any Putative Class Member or FLSA Collective Member who files an objection (an "Objector") to retain a copy of the objection and proof of timely mailing hereunder.

24. A valid Objector also has the right to appear at the Final Approval Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Final Approval Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections by including the words, "*I intend to appear at the Fairness Hearing*" in his or her written objection. An Objector may withdraw his or her objections at any time.

25. No Putative Class Member and/or FLSA Collective Member may address the Court at the Final Approval Hearing unless he or she has submitted a timely objection that complies with the procedures provided in the Settlement Agreement and Notice. Putative Class Members and/or FLSA Collective Members who fail to submit timely and valid objections will be deemed to have waived objections to the Settlement and they will be foreclosed from making objections. A Putative Class Member who has submitted an Opt-out Statement may not object to the Settlement Agreement. An FLSA Collective member who has not timely submitted a Consent to Join Form may not object to the Settlement Agreement.

26. The Parties may file with this Court written responses to any objections no later than three (3) calendar days before the Final Approval Hearing.

27. Any Putative Class Member and/or FLSA Collective Member who does not make his or her Objection in the manner provided herein shall be deemed to have waived such Objection and shall forever be barred and foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the Judgment entered, and the award of attorneys' fees and costs to Class Counsel, any incentive awards, and from filing any appeal regarding the same unless otherwise ordered by this Court.

28. The Parties have the right to conduct reasonable discovery as to the basis of any Objection on an expedited basis.

29. The dates of performance contained herein may be extended by order of this Court, for good cause shown, without further notice to the Putative Class Members and/or FLSA Collective Members.

30. The Settlement will not become effective unless this Court enters an Order finally approving the Settlement. If the Settlement does not become effective, or if the Settlement is not

finally approved, then the Settlement shall become null and void, and this Order shall be null and void and shall be vacated. The parties to the Settlement shall be returned to the status each occupied before the entry of the Order, without prejudice to any legal argument that any of the parties to the Settlement may have asserted but for the Settlement (including, but not limited to, class certification). In such event, the Settlement, the Settlement Agreement, exhibits, attachments, and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

31. No discovery with regard to the Settlement shall be permitted as to any of the settling parties other than as may be directed by this Court upon a proper showing by the party seeking such discovery, except limited discovery may be taken by Class Counsel and/or Defendants' Counsel on any Objector consistent with the Federal Rules of Civil Procedure.

32. All discovery and other litigation in this case is hereby stayed pending Final Approval of the Settlement.

33. Pending Final Approval of the Settlement, the Putative Class Members and/or FLSA Collective Members and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any Released Claim against any of the Released Parties in any action, arbitration or proceeding in any court, arbitration forum, or tribunal.

33. Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement, including making, without further

-12-

approval of this Court, minor changes to the form or content of the Notice, and other exhibits that they jointly agree are reasonable or necessary.

It is SO ORDERED this ___ day of _____, 2019.

                                                  _____
                                                  HON. BRENDA K. SANNES, U.S. District Judge