UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JULIO A. OLVERA; KAREN GREENE; and RALPH
BALSAMO, on behalf of themselves and others similarly
situated,                                                                              1:16-cv-00502 (BKS/DJS)

                              Plaintiffs,

v.

MAZZONE MANAGEMENT GROUP LTD.; MAZZONE
MANAGEMENT INC.; 677 PRIME LLC; PRIME AT
SARATOGA NATIONAL, LLC; ANGELO MAZZONE;
and MATTHEW MAZZONE,

                              Defendants.

---

**Appearances:**

*For Plaintiffs:*

Wilentz, Goldman & Spitzer, P.A.
James E. Tonrey, Jr.
90 Woodbridge Center Drive
Woodbridge, NJ 07095

Fleischman Bonner & Rocco, LLP
Keith M. Fleischman
Joshua D. Glatter
Tyler Van Put
565 Fifth Avenue, 7th Floor
New York, NY 10017

Law Office of Joseph T. Moen
Joseph T. Moen
45 Prospect Street
Cambridge, MA 02139

*For Defendants:*

Jackson Lewis P.C.
Clemente J. Parente
William J. Anthony
Vincent E. Polsinelli
Christopher J. Stevens
677 Broadway, 9th Floor
Albany, NY 12207

**Hon. Brenda K. Sannes, United States District Judge:**

### ORDER PRELIMINARILY APPROVING CLASS AND COLLECTIVE ACTION SETTLEMENT AND AUTHORIZING NOTICE OF PROPOSED SETTLEMENT AND HEARING THEREON

Plaintiffs Julio A. Olvera, Karen Greene, and Ralph Balsamo bring this putative collective and class action against Defendants Mazzone Management Group Ltd. ("MMGL"), Mazzone Management, Inc. ("MMI"), 677 Prime, LLC ("677 Prime"), Prime at Saratoga National, LLC ("PSN"), Angelo Mazzone ("Angelo"), and Matthew Mazzone ("Matthew"), asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Dkt. No. 16). Presently before the Court is Plaintiffs' unopposed motion for preliminary approval of "the class/collective action settlement," conditional certification of the class and collective actions, and preliminarily approving the proposed settlement (the "Settlement") under Federal Rule of Civil Procedure 23(e) and 29 U.S.C. §216 as set forth in the parties' Settlement Agreement, and other related relief. (Dkt. No. 91). The Court held a telephone conference on August 23, 2019, and advised the parties that certain changes and corrections were necessary before the Court could approve the preliminary settlement. On September 11, 2019, the parties filed a "joint submission" to address the Court's concerns. (Dkt. No. 100). The Court held a second telephone conference on September 20, 2019, and on September 24, 2019, Plaintiffs filed a supplemental letter motion and revised and corrected versions of the class/collective notice and proposed order. (Dkt. No. 101). Plaintiffs' motion for preliminary approval and conditional certification is granted.

Having reviewed and considered the motion, as well as the supporting documents, including the Settlement Agreement and the proposed Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing (the "Notice"), (Dkt. No. 101), the Court

makes the findings and grants the relief set forth below preliminarily approving the Settlement upon the terms and conditions set forth in this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

## I.     Preliminary Approval of Settlement

1. The Court hereby grants preliminary approval of the Settlement memorialized in the Settlement Agreement attached to the Tonrey Declaration as Exhibit B.

2. The Court concludes that the proposed Settlement is within the range of reasonable settlement results, such that notice to the Putative Class Members[1] is appropriate.

3. The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

4. For settlement purposes only, the Court provisionally certifies the following classes pursuant to Federal Rule of Civil Procedure 23(e):

> All tipped, hourly workers (waiters, waitresses, bartenders, bussers, runners, and other hourly service workers) employed by Mazzone Management Group, Ltd., Mazzone Management, Inc., 677 Prime LLC, Prime at Saratoga National LLC, Angelo Mazzone, Matthew Mazzone, Tala Bistro LLC, Aperitivo Bistro LLC, and Prime at Hilton Garden Inn LLC April 10, 2010 through June 20, 2019.
>
> All hourly, catering service employees of Mazzone Management Group, Ltd., Mazzone Management, Inc., 677 Prime LLC, Prime at Saratoga National LLC, Angelo Mazzone, Matthew Mazzone, Tala Bistro LLC, Aperitivo Bistro LLC, and Prime at Hilton Garden Inn LLC who worked at catered events between April 10, 2010 and June 20, 2019.

---

[1] Unless otherwise noted in this Order, any defined terms used in the Order have the same meaning as set forth in the parties' Settlement Agreement.

5. For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

**II.     Provisional Class and Collective Certification**

  a. Rule 23(a)(1)

    i.   Numerosity

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." In general, numerosity is presumed where a putative class has 40 or more members. Shahriar, 659 F.3d at 252. "[I]n assessing numerosity a court may make 'common sense assumptions' without the need for 'precise quantification of the class.'" *Russo v. CVS Pharmacy, Inc.*, 201 F.R.D. 291, 295 (D. Conn. 2001) (quoting *Pecere v. Empire Blue Cross & Blue Shield*, 194 F.R.D. 66, 69 (E.D.N.Y. 2000)). Further, the numerosity inquiry is not "strictly mathematical." *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir. 2014). The proposed class satisfies the numerosity requirement because, as Defense counsel has advised, there are more than 4000 members of the Putative Class. (*See* Tonrey Decl.)

    ii.   Commonality

Next, a plaintiff seeking class certification must show "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A question of law or fact is common to the class if the question is "capable of classwide resolution—which means that its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The common questions must generate "common *answers* apt to drive the resolution of the litigation." *Mazzei v. Money Store*, 829 F.3d 260, 272 (2d Cir. 2016) (quoting *Dukes*, 564 U.S. at 350). "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015) (quoting

*Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014)). "In wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices." *Spencer v. No Parking Today, Inc.*, No. 12-cv-6323, 2013 WL 1040052, at *15, 2013 U.S. Dist. LEXIS 36357, at *62 (S.D.N.Y. Mar. 15, 2013), *report and recommendation adopted*, 2013 WL 2473039, 2013 U.S. Dist. LEXIS 80587 (S.D.N.Y. June 7, 2013).

This case involved numerous common issues. Primarily Plaintiffs have asserted that the Putative Class Members bring similar claims: that they are restaurant or catering employees of Defendants, that they frequently worked banquets at Defendants' many establishments, and were never paid the "service" charges Defendants charged their clients. Further, the employees worked as servers in Defendants' restaurants, and Plaintiffs allege that they were required to share 1% to 3% of their tips from sales of wine by the glass or bottle. Plaintiffs have alleged that Defendants' conduct in this regard violates the NYLL and the FLSA. Moreover, Plaintiffs allege that Defendants failed to provide wage notices and proper wage statements as set forth in the NYLL. *See Flores v. Anjost Corp.*, 11-cv-1531, 2014 WL 321831, at *3, 2014 U.S. Dist. LEXIS 11026, *8 (S.D.N.Y. Jan. 29, 2014).

      iii.    Typicality

Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 245 (2d Cir. 2007) (quoting *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001)). But typicality "does not require that the factual background of each named

plaintiff's claim be identical to that of all class members; rather, it requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *Caridad v. Metro-N. Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999). "The commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3)." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997).

Olvera, Greene, and Balsamo's claims arise from the same factual and legal circumstances that form the bases of the Putative Class Members' claims. The Named Plaintiffs worked for Defendants at their various restaurants and banquet establishments. The Named Plaintiffs claim the same injuries as they assert on behalf of the Putative Class Members: that they were not paid the tips they earned and were not provided the wage notice documents that they were entitled to receive, as required by the FLSA and NYLL. *See Flores*, 2014 WL 321831, at *3, 2014 U.S. Dist. LEXIS 11026 at *8; *Frank v. Eastman Kodak*, 228 F.R.D. 174, 182 (W.D.N.Y. 2005) (finding that class members satisfied the typicality requirement where all class members allege that defendant failed to pay overtime wages).

      iv.    Adequacy of Representation

"Generally, adequacy of representation entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). Regarding named plaintiffs' adequacy, the requirement is twofold: the named plaintiffs must be "prepared to prosecute fully the action and have no known conflicts with any class member." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 253 (2d Cir. 2011); *accord Denney v. Deutsche Bank AG*, 443 F.3d 253, 268

(2d Cir. 2006) (stating that "the proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members"). Accordingly, "the named plaintiffs must 'possess the same interest[s] and suffer the same injur[ies] as the class members.'" *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 249 (2d Cir. 2011) (alterations in original) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997)). Further, "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation."[2] *Baffa*, 222 F.3d at 59 (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990)).

Plaintiffs submit that there is no evidence or indicia that Olvera, Greene or Balsamo have interests that are in any way at odds with, or antagonistic to, the Putative Class Members. To the contrary, each has actively participated in this lawsuit, sat for deposition, assisted in the claims' investigation, and considered and evaluated the settlement proposals that ultimately resulted in the mediated agreement.

    b.  Rule 23(b)(3)

        i.  Predominance

In addition to meeting all Rule 23(a)'s requirements, a class proponent must satisfy at least one of Rule 23(b)'s three categories. *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 317 F.R.D. 374, 385 (S.D.N.Y. 2016). Here, Plaintiffs move under Rule 23(b)(3). For certification under that subsection, Plaintiffs must establish that "questions of law or fact

---

[2] Courts have also addressed unique defenses as going to commonality or typicality. *See Vargas v. Howard*, 324 F.R.D. 319, 327 n.1 (S.D.N.Y. 2018); *Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 179 (S.D.N.Y. 2008) (collecting cases).

common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Mazzei*, 829 F.3d at 272. It is satisfied when (1) resolution of any material legal or factual questions can be achieved through generalized proof, and (2) these common issues are more substantial than the issues subject only to individualized proof. *Superannuation Scheme Ltd. v. Petróleo Brasileiro S.A.* (*In re Petrobras Sec.*), 862 F.3d 250, 270 (2d Cir. 2017)). "The distinction between 'individual' and 'common' questions is thus central to the predominance analysis." *Petrobras*, 862 F.3d at 270. An "individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (alteration in original) (internal quotation marks omitted). The predominance requirement is "far more demanding" than Rule 23(a)'s commonality requirement, and it is not satisfied "simply by showing that the class claims are framed by the common harm suffered by potential plaintiffs." *Amchem*, 521 U.S. at 624.

Here, Plaintiffs contend that all members of the Putative Class are unified by common factual allegations: that all class members allege they were not paid in accordance with the FLSA and NYLL, and that they were not provided wage notices and wage statements in the required form. *See Flores*, 2014 WL 321831, at*3, 2014 U.S. Dist. LEXIS 11026 at *9 (finding that "Plaintiffs' common factual allegations and a common legal theory - that Defendants violated state wage and hour laws by failing to provide proper statutorily-required notices - predominate

over any factual or legal variations among class members."); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373 (S.D.N.Y. 2007) (the issue of whether employees were supposed to be paid overtime was perhaps "the most perfect question[] for class treatment").

        ii.    Superiority

In order to certify a class under Rule 23(b)(3), the Court must determine whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In doing so, the Court considers factors including: (1) "the class members' interests in individually controlling the prosecution or defense of separate actions"; (2) "the extent and nature of any litigation concerning the controversy already begun by or against members of the class"; (3) "the desirability or undesirability of concentrating the litigation in the particular forum"; and (4) "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(A)–(D).

Here, the Named Plaintiffs and Putative Class Members have limited financial resources with which to prosecute individual actions, and neither Plaintiffs' counsel nor the Named Plaintiffs are aware of any pending individual lawsuits filed by the Putative Class Members arising from the same allegations. Regarding the forum, concentrating the litigation in this Court is desirable because the allegedly wrongful conduct occurred within the jurisdiction of this Court. Whether the case would be manageable as a class action at trial is not of consequence here in the context of a proposed settlement. *Frank*, 228 F.R.D. at 183 ("The court need not consider the [manageability] factor, however, when the class is being certified solely for the purpose of settlement.").

      c. Appointment of Class Counsel

Before appointing class counsel, a court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. R. 23(g)(1)(A).

The proposed Class Counsel attorneys meet all of these criteria. As set forth in the Tonrey Declaration, Wilentz, Goldman & Spitzer, Fleischman, Bonner & Rocco and the Law Office of Joseph T. Moen have done substantial work identifying, investigating, prosecuting, and settling the class members' claims; have substantial class-action experience, including wage and hour class actions; and the lawyers assigned to this matter are well-versed in wage and hour law and in class action law and are well-qualified to represent the interests of the class. (Tonrey Decl.).

6. For settlement purposes only, the Court provisionally certifies the following collective class under the Fair Labor Standards Act, as amended ("FLSA"):

> All tipped, hourly workers (waiters, waitresses, bartenders, bussers, runners and other hourly service workers) employed by Mazzone Management Group, Ltd., Mazzone Management, Inc., 677 Prime LLC, Prime at Saratoga National LLC, Angelo Mazzone, Matthew Mazzone, Tala Bistro LLC, Aperitivo Bistro LLC, and Prime at Hilton Garden Inn LLC between April 20, 2015 to June 20, 2019.

7. For settlement purposes only, the Court appoints Fleischman, Bonner & Rocco LLP, Wilentz, Goldman & Spitzer, P.A., and the Law Office of Joseph T. Moen as Class Counsel to the Putative Class Members and the FLSA Collective.

8. The Court approves Arden Claims Services ("ACS") as administrator of the settlement (the "Settlement Claims Administrator").

**III.     Class and Collective Notice**

9. The Court approves the proposed Notice, which is attached as Exhibit A, (Dkt. No. 101-1), to the September 24, 2019 supplemental letter motion, (Dkt. No. 101 (the "September 24 Supplemental Submission")), and directs the distribution of that Notice to the Putative Class and FLSA Collective Members.

10. The contents of the Notice fully comply with due process and Federal Rule of Civil Procedure 23 and 29 U.S.C. §216. The Notice satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and 29 U.S.C. §216(b) and adequately puts class and putative FLSA Collective members on notice of the proposed settlement.

**IV.     Class Action and FLSA Collective Settlement Procedure**

11. The Court hereby sets the following settlement procedure:

a. Within fifteen (15) business days after entry of this Order preliminarily approving the Settlement (the "Preliminary Approval Order"), Defendants' counsel will provide the Settlement Claims Administrator a mailing list in electronic form containing the names, last known addresses, and weeks worked within the Class Period for all Putative Class and FLSA Collective Members as that information exists on file with Defendants;

b. Within thirty (30) days after entry of the Preliminary Approval Order, the Notice shall be mailed to all Putative Class and FLSA Collective Members by the Settlement Claims Administrator, and the Notice will explain that any Putative Class Member who desires to opt out of the settlement may submit a written statement with the Settlement Claims Administrator by the expiration of the Claims Period. To be effective, the request to be excluded from the settlement must be submitted to the Settlement Claims Administrator by U.S. Mail, and it must be postmarked no later than 60 days from

the mailing of the Notice to the Putative Class Member, or for any Putative Class Member whose Notice was returned undeliverable within 30 days of the date of the mailing for which the Putative Class Member's correct address is identified, but in any case no later than seven (7) days before the Final Fairness Hearing.

      c. The Notice will further explain that any putative FLSA Collective member must submit a Consent to Join Form, in the form the parties provided as Exhibit C to the September 11 Supplement, must be submitted to the Settlement Claims Administrator by U.S. Mail postmarked no later than 60 days from the mailing of the Notice to the Putative FLSA Collective Member, or for any Putative Collective Member whose Notice was returned undeliverable within 30 days of the date of the mailing for which the Putative Class Member's correct address is identified, but in any case no later than seven (7) days before the Final Fairness Hearing.

      d. Putative Class Members shall have sixty (60) days from the date of mailing of the Notice ("Claims Period"), or thirty (30) days from any re-mailing of the Notice for which the Putative Class Member's correct address is identified ("Re-mailing Claims Period") to submit their completed Claim Form, which must be postmarked by, on or before the 60th day of the Claims Period or 30th day of the Re-mailing Claims Period. Putative Class Members who fail to return a complete and timely Claim Form within the Claims Period will be ineligible to receive any settlement payment pursuant to the Settlement Agreement. A Claim Form is not complete if the Putative Class Member fails to sign the Claim Form as required.

      e. To be effective, an Opt-out Statement by a Class Member must be postmarked within sixty (60) days from the mailing of the Notice to the Class Member, or for any

Class Member whose Notice was returned undeliverable within thirty (30) days of the date of the mailing for which the Class Member's correct address is identified, but in any case no later than seven (7) days before the Final Fairness Hearing ("Opt-Out Period")

  f. The Settlement Claims Administrator will stamp the postmark date on the original of each Opt-out Statement and each Consent to Join Form that it receives and shall serve copies of each Opt-out Statement and each Consent to Join Form on Class Counsel and Defendants' Counsel not later than three (3) days after receipt thereof. Class Counsel will file stamped copies of any Opt-out Statements and Consent to Join Forms with their Motion for Judgment and Final Approval. The Settlement Claims Administrator will, within twenty-four (24) hours of the end of the Opt-out /Consent to Join Period, send a final list of all Opt-out Statements and Consent to Join Forms to Class Counsel and Defendants' Counsel by email. The Settlement Claims Administrator will retain the stamped originals of all Opt-out Statements and Consent to Join Forms and originals of all envelopes accompanying Opt-out Statements or Consent to Join Forms in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities under this Order.

  g. January 28, 2020, shall be the last day for filing and service of papers in support of the final Settlement approval, which date is at least 120 days after the date of this Order to facilitate compliance with the Class Action Fairness Act.

12. The Court preliminarily approves the Settlement Agreement attached as Exhibit B to the Motion as fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216, subject to final consideration at the Final Approval Hearing provided for below.

13. Class Counsel shall be responsible for the acts and activities necessary or appropriate to present the proposed Settlement to the Court for final approval and, if the Settlement is finally approved, to implement the Settlement in accordance with its terms and Orders of the Court.

14. A hearing (the "Final Approval Hearing") shall be held before this Court on February 12, 2020 at 11:00 a.m. in the United States District Court for the Northern District of New York, James T. Foley Courthouse, 445 Broadway, Albany, NY 12207 to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether Judgment should be entered herein finally approving the Settlement; and to consider Class Counsel's application for Attorneys' fees and costs and for service awards to the Named Plaintiffs Julio Olvera, Karen Greene, and Ralph Balsamo. The Court may adjourn or continue the Final Approval Hearing without further notice to Putative Class Members.

15. The Court approves as to form and content the Notice in the form attached as Exhibit A to the September 24 Supplemental Submission.

16. The Settlement Claims Administrator is instructed to provide Notice to all Class Members as set forth in the Settlement Agreement. The Court finds the Notice to be the best practicable notice under the circumstances and satisfies the requirements of Rule 23, applicable law, and due process. The Court also finds that the manner of dissemination of the Notice provides individual notice to all Class Members who can be identified through a reasonable effort; and is reasonably calculated, under all the circumstances, to apprise Putative Class Members of the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement.

17. Any Putative Class Member who desires to request exclusion from the Class must submit to the Settlement Administrator at the address set forth in the Notice, a written, signed

request to opt-out, by postage-paid, first class mail: (1) stating the Putative Class Member's name, address, telephone number, and e-mail address, (2) signed by the Putative Class Member and referencing the name of this action (*i.e., Mazzone Management Group Settlement* )), and (3) clearly stating that the Putative Class Member does not wish to be included in the Settlement (an "Opt-out Statement")).

18. Not later than eight days after the Opt-Out Period deadline for the Request for Exclusion stated in paragraph 12(d) above, Class Counsel shall file with the Court a Declaration from the Settlement Claims Administrator stating the number and identity of Putative Class Members who submitted a valid and timely Request for Exclusion.

19. All Putative Class Members who do not submit a valid and timely Opt-out Statement excluding themselves from the Class shall be bound by the terms of the Settlement Agreement and the Judgment and all Orders entered by the Court in connection with the Settlement, whether favorable or not favorable to the Class. All Class Members who submit valid and timely Opt-Out Statements shall have no rights under the Settlement, shall not share in the distribution of any of the Settlement Funds, and shall not be bound by the Settlement.

20. No Putative Class Member who fails to submit a valid and timely Claim Form shall receive any payment from the settlement with respect to their Rule 23 state law claims, although such Class Members shall nevertheless be bound by the terms of the Settlement Agreement and the Judgment and all Orders entered by the Court in connection with the Settlement, whether favorable or not favorable to the Class.

21. No Putative FLSA Collective member who fails to submit a valid and timely Consent to Join Form shall receive any payment from the settlement with respect to their FLSA claims.

22. No person shall purport to exercise any exclusion rights for any other person, or purport to exclude any other Putative Class Member as a group, aggregate, or class involving more than one Putative Class Member, or as an agent or representative. Any such purported exclusion shall be void and the person that is the subject of the purported Opt-Out shall be treated as a Putative Class Member and be bound by the Settlement.

23. Putative Class Members who do not opt-out and who wish to object to the proposed Settlement, or Putative FLSA Collective Members who submit a Consent to Join Form and who wish to object to the proposed Settlement, must do so in writing. To be valid, a written objection must be mailed to the Settlement Claims Administrator via first-class mail, postage prepaid, and be received by the Settlement Claims Administrator by a date certain sixty (60) days from the mailing of the Notice to the Putative Class Member, but in any case, no later than seven (7) days before the Final Approval Hearing. The written objection must include the words, "*I object to the Olvera wage and hour class settlement*" as well as all reasons for the objection. Any reasons not included in the written objection will not be considered. The written objection must also include the name, address, and telephone number for the Putative Class and/or FLSA Collective Member making the objection. The Settlement Claims Administrator will stamp the date received on the original and send copies of each objection to Class Counsel and Defendants' Counsel by email and overnight delivery no later than three (3) days after receipt thereof. Class Counsel will file the date-stamped originals of any and all objections with their Motion for Judgment and Final Approval. It is the responsibility of any Putative Class Member or Putative FLSA Collective Member who files an objection (an "Objector") to retain a copy of the objection and proof of timely mailing hereunder.

24. A valid Objector also has the right to appear at the Final Approval Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Final Approval Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections by including the words, "*I intend to appear at the Fairness Hearing*" in his or her written objection. An Objector may withdraw his or her objections at any time.

25. No Putative Class and/or FLSA Collective Member may address the Court at the Final Approval Hearing unless he or she has submitted a timely objection that complies with the procedures provided in the Settlement Agreement and Notice. Putative Class and/or FLSA Collective Members who fail to submit timely and valid objections will be deemed to have waived objections to the Settlement and they will be foreclosed from making objections. A Putative Class Member who has submitted an Opt-out Statement may not object to the Settlement Agreement. A Putative FLSA Collective member who has not timely submitted a Consent to Join Form may not object to the Settlement Agreement.

26. The Parties may file with the Court written responses to any objections no later than three (3) calendar days before the Final Approval Hearing.

27. Any Putative Class and/or FLSA Collective Member who does not make his or her Objection in the manner provided herein shall be deemed to have waived such Objection and shall forever be barred and foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the Judgment entered, and the award of attorneys' fees and costs to Class Counsel, any incentive awards, and from filing any appeal regarding the same unless otherwise ordered by the Court.

28. The Parties have the right to conduct reasonable discovery as to the basis of any Objection on an expedited basis.

29. The dates of performance contained herein may be extended by order of the Court, for good cause shown, without further notice to the Putative Class and/or FLSA Collective Members.

30. The Settlement will not become effective unless the Court enters an order finally approving the Settlement. If the Settlement does not become effective, or if the Settlement is not finally approved, then the Settlement shall become null and void, and this Order shall be null and void and shall be vacated. The parties to the Settlement shall be returned to the status each Case occupied before the entry of the Order, without prejudice to any legal argument that any of the parties to the Settlement may have asserted but for the Settlement (including but not limited to class certification). In such event, the Settlement, the Settlement Agreement, exhibits, attachments and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

31. No discovery with regard to the Settlement shall be permitted as to any of the settling parties other than as may be directed by the Court upon a proper showing by the party seeking such discovery, except limited discovery may be taken by Class Counsel and/or Defendants' counsel on any Objector consistent with the Federal Rules of Civil Procedure.

32. All discovery and other litigation in this case is hereby stayed pending Final Approval of the Settlement.

33. Pending Final Approval of the Settlement, the Putative Class and/or FLSA Collective Members and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any Released Claim against any of the Released Parties in any action, arbitration or proceeding in any court, arbitration forum or tribunal.

34. Class Counsel and Defendants' counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement, including making, without further approval of the Court, minor changes to the form or content of the Notice, and other exhibits that they jointly agree are reasonable or necessary.

**IT IS SO ORDERED.**

Date:   October 2, 2019
        Syracuse, New York

_____
Brenda K. Sannes
U.S. District Judge